Filed 1/12/26  P. v. Turner CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JEFFREY ALAN TURNER,<br><br>    Defendant and Appellant. | D085274<br><br><br>(Super. Ct. No. SCD275956) |


APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Jeffrey Alan Turner, in pro. per. and Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

## INTRODUCTION

Jeffrey Alan Turner appeals from an order denying his Penal Code[1] section 1172.6 petition for resentencing.  His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) describing the relevant procedural facts and stating he had not found any arguable issues.  Turner then filed a supplemental brief.  We have reviewed the issues raised in Turner's supplemental brief and independently reviewed the record.  We find no reasonably arguable appellate issues and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Information, Jury Verdict, and Initial Appeal*

In September 2018, the district attorney filed an information charging Turner with murder (§ 187, subd. (a)) and alleging, among other things, that in committing the murder he personally and intentionally discharged a firearm causing the victim's death (§ 12022.53, subd. (d)).  On April 25, 2019, a jury convicted Turner of premeditated and deliberate first degree murder. The jury also found true the allegation that in committing the murder he personally and intentionally discharged a firearm causing the victim's death. The trial court sentenced Turner to a six-year determinate prison term, to be followed by an indeterminate prison term of 75 years to life.  On appeal, we affirmed the judgment of conviction, but we struck the one-year prior prison

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

term enhancement imposed by the trial court under section 667.5, subdivision (b). (*People v. Turner* (June 9, 2021, D076290) [nonpub. opn.]).[2]

B. *Section 1172.6 Petition for Resentencing*

On September 13, 2024, Turner filed a petition for resentencing under section 1172.6. The prosecution filed a response to the petition, arguing that Turner did not make a prima facie showing for relief under section 1172.6. In particular, it argued that Turner was ineligible for section 1172.6 relief as a matter of law because his trial occurred *after* the January 2019 amendments to sections 188 and 189, which eliminated imputed malice theories of homicide liability, and the trial court did not instruct the jury on felony murder or the natural and probable consequences theories of liability for murder. It argued the jury's verdict therefore showed that Turner was the sole and actual killer of the victim and, as such, he was ineligible for section 1172.6 relief. In reply, Turner argued that he made a prima facie showing for section 1172.6 relief.

On November 22, 2024, the trial court heard arguments of counsel and then summarily denied Turner's petition for section 1172.6 relief. The court found that he had not made a prima facie showing for relief. Turner timely filed a notice of appeal challenging the order denying his section 1172.6 petition.

---

[2] On our own motion, we take judicial notice of our records in case No. D076290.

DISCUSSION

Turner's appellate counsel filed a brief raising no issues and requesting that we proceed pursuant to *Delgadillo, supra,* 14 Cal.5th 216.[3]

We offered Turner the opportunity to file his own brief and he has submitted a supplemental brief. In his supplemental brief, Turner challenges his underlying murder conviction on multiple grounds. In particular, he argues that: (1) he was denied effective assistance of counsel when his defense counsel failed to impeach key witnesses, retain experts, or challenge inconclusive forensic evidence; (2) the prosecutor failed to disclose exculpatory evidence, including DNA evidence that supported his defense theory; (3) the prosecutor presented the testimony of a percipient witness without disclosing her emotional instability, coerced testimony, and contradictory statements; (4) the prosecutor committed prosecutorial error before and during the trial by making misleading arguments, relying on unreliable and coerced testimony, and misstating facts during closing arguments; and (5) the court abused its discretion by admitting a surveillance video which was prejudicial and not relevant and his defense counsel should have requested a limiting instruction regarding the jury's consideration of the video. However, in solely challenging his underlying murder conviction, Turner has not identified any potentially meritorious issues regarding his challenge to the postjudgment order denying his section 1172.6 petition for resentencing.

---

[3] *Delgadillo* merely requires that we "evaluate the *specific* arguments presented in [appellant's supplemental] brief." (*Delgadillo, supra,* 14 Cal.5th at p. 232, italics added.) However, we have the discretion to conduct an independent review of the entire record. (*Ibid.*) Here, we exercised our discretion and reviewed the entire record for arguable issues.

4

We have reviewed the record and have not discovered any potentially meritorious issues for reversal on appeal.  Competent counsel has represented Turner in this appeal.

DISPOSITION

We affirm the order.


RUBIN, J.


WE CONCUR:




DO, Acting P. J.




CASTILLO, J.